RECEIVED
IN ALEXANDRIA, LA
APR 22 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMIAH JERMAINE LOVE<br>LA. DOC #422852<br>VS. | CIVIL ACTION NO.1:10-CV-0051<br>SECTION P<br>JUDGE DRELL |
| MISTY COWART., ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Plaintiff Jeremiah Jermaine Love, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights complaint (42 U.S.C. §1983) on January 8, 2010. When suit was filed he was in the custody of the Louisiana Department of Public Safety and Corrections. He was incarcerated at the LaSalle Correctional Center, Olla, Louisiana but he complained that his constitutional rights were violated when he was denied prompt and appropriate medical attention while he was incarcerated at the Catahoula Correctional Center. On March 2, 2010, the undersigned directed plaintiff to amend his complaint within 30 days to provide additional details in support of his claims. [Doc. #9] Plaintiff's response was due on or before April 1, 2010, however, plaintiff has yet to respond to that order.

### LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to prosecute his case; he has also failed to respond to an order to amend.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a

copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, _April 22_, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE